## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. James B. Clark, III |
| | : | |
| v. | : | Mag. No. 26-12073 |
| | : | |
| JHONNY VERA-CARRENO | : | **CRIMINAL COMPLAINT** |
| | : | |

I, Daniel Reed, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_s/_*Daniel Reed*
Daniel Reed, Special Agent
Department of Homeland Security
Homeland Security Investigations

Special Agent Daniel Reed attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 2nd day of April, 2026

Hon. James B. Clark, III
United States Magistrate Judge

## ATTACHMENT A

### Count One
### (Assaulting, Resisting, and Impeding Certain Officers or Employees)

On or about March 17, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

### Jhonny VERA-CARRENO,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, Victim-1 as described in this Complaint, while Victim-1 was engaged in and on account of the performance of Victim-1's official duties, involving physical contact with Victim-1, and in doing so, did inflict bodily injury on Victim-1.

In violation of Title 18, United States Code, Section 111(a)(1) and (b).

## ATTACHMENT B

I, Daniel Reed, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. The information contained in the complaint is based upon my personal knowledge, as well as information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including video surveillance, business records, and other documents. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.     At times relevant to this Complaint:

a.     The defendant, Jhonny Vera-Carreno ("VERA-CARRENO"), was a national of Ecuador and had no legal immigration status in the United States.

b.     "Victim-1" was a Deportation Officer employed by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). As such, Victim-1 was an officer or employee of the United States within the meaning of 18 U.S.C. § 1114.

2.     On or about March 17, 2026, ICE Deportation Officers, including Victim-1, approached VERA-CARRENO, who was present illegally in the United States, to arrest VERA-CARRENO as part of a targeted enforcement operation. At the time he was approached, VERA-CARRENO was seated in the driver's seat of a parked vehicle in the vicinity of Leslie Street in Newark, New Jersey.

3.     As an ICE Deportation Officer approached the vehicle on the driver's side, VERA-CARRENO was observed crawling over to the front passenger side of the vehicle, attempting to evade officers.

4.     As Victim-1 approached the front passenger-side door of the vehicle, VERA-CARRENO abruptly swung the door open and lunged at Victim-1 with a closed fist, knocking Victim-1 to the ground and causing her bodily injury that required prompt hospitalization. Other ICE Deportation Officers came to assist Victim-1 and subdue VERA-CARRENO, who was resisting arrest.

5.     As a result of VERA-CARRENO's assault, Victim-1 sustained bodily injuries to the neck and head, including a concussion.